E-FILED
Monday, 15 June, 2026  01:58:20 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

WALTER BRADFORD,
    Plaintiff,

v.

JUDGE LISA Y. WILSON, in her
individual and official capacities,
    Defendant.

Case No. 1:26-cv-01244-JEH-RLH

**Order**

Now before the Court is Plaintiff Walter Bradford's Complaint for Declaratory, Injunctive, and Other Relief (D. 1).[1]  For the reasons set forth below, the Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

**I**

On June 8, 2026, Plaintiff Bradford filed his Complaint against Defendant Judge Lisa Y. Wilson alleging denial of due process as guaranteed by the Fifth and Fourteenth Amendments and, more generally, the deprivation of his "rights, privileges, and immunities secured by the Constitution and laws of the United States."  Pl.'s Compl. (D. 1 at ECF pp. 1-2).  He brings his claims pursuant to 42 U.S.C. §§ 1983 and 1988.  Specifically, the Plaintiff alleges he is a party to child support proceedings in state court in Peoria County, Illinois, and Judge Wilson: has repeatedly asserted jurisdiction while failing to adequately address objections and arguments the Plaintiff raised; ignored or not meaningfully considered his legal authorities and constitutional arguments; and held the Plaintiff in contempt

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

on multiple occasions, including in January, March, April, and June 2026.  He further alleges Judge Wilson's contempt findings resulted in the Plaintiff's incarceration, and he has lost liberty and income and has suffered employment disruption, emotional distress, financial distress, and damage to family relationships.  Finally, the Plaintiff alleges Judge Wilson previously presided over proceedings involving the Plaintiff's minor son and improperly denied him the opportunity to assist his son in those proceedings.  The Plaintiff requests damages, declaratory relief, and injunctive relief.

## II

"[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)(B)).  The Court finds it appropriate to screen the Plaintiff's Complaint given the Court's unceasing obligation to ensure the "just, speedy, and inexpensive determination of every action and proceeding."  FED. R. CIV. P. 1.  Moreover, "District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.  This is so even when the plaintiff has paid all fees for filing and service . . .".  *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).  A court shall dismiss a case at any time if:  1) the allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) the action fails to state a claim on which relief may be granted; or 4) the action seeks monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).

## A

First, the Plaintiff cannot seek damages from Judge Wilson in her individual or official capacity; indeed, the Plaintiff's distinction between individual and official capacities is without a difference as judicial immunity "extends to acts performed by the judge in the judge's *judicial capacity*." *Dawson v. Newman*, 419

2

F.3d 656, 661 (7th Cir. 2005) (emphasis in original).  Judicial immunity "confers complete immunity from suit, not just a mere defense to liability[.]"  *Dawson*, 419 F.3d at 660.  Judges "are not liable in civil actions for their judicial acts unless they have acted in the clear absence of jurisdiction[,]" nor will a judge "be deprived of immunity even if the action was in error, was done maliciously, was in excess of his authority, . . . and even if his exercise of authority is flawed by the commission of grave procedural errors."  *Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1015 (7th Cir. 2000) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57, 359 (1978)).  Here, the Plaintiff's Complaint includes an allegation that Judge Wilson failed to adequately address the Plaintiff's jurisdiction challenges.  Given his other allegations and state court documents he attached to his Complaint, indicating child support obligations are at issue in state court, the Plaintiff is clearly mistaken as to the state court's jurisdiction over those proceedings.  In fact, it is state courts and *not federal courts* which have jurisdiction over such proceedings.  *See Syph v. Arce*, 772 F. App'x 356, 357 (7th Cir. 2019) (unpublished opinion) (quoting *Lloyd v. Loeffler*, 694 F.2d 489, 492 (7th Cir. 1982)) ("[A] suit[] which raises federal- and state-law challenges to [one's] child-support obligations[] falls squarely within the domestic-relations exception.  Such obligations are part of the typical divorce decree, which the 'federal courts are not well suited' to supervise.'"); *see also Savelskas v. Tribble*, No. 25 C 3000, 2026 WL 509215, at *1 (N.D. Ill. Feb. 24, 2026) ("The domestic relations exception to federal subject matter jurisdiction precludes federal courts from exercising jurisdiction over claims that implicate 'the issuance of a divorce, alimony, or child custody decree,' including, as here, [the plaintiff's] claims challenging [the defendant's] alleged enforcement of [the plaintiff's] child support obligations.") (collecting cases).

The Complaint includes additional allegations that Judge Wilson ruled incorrectly and ignored or did not meaningfully consider the Plaintiff's

arguments. In other words, the Plaintiff complains of the acts performed by the judge in her judicial capacity, and thus, Judge Wilson is entitled to absolute immunity. *See Stump*, 435 U.S. at 362 ("[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.").

**B**

Section 1983 provides, in relevant part, "[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Here, the Court has already determined Judge Wilson acted in her judicial capacity when taking the complained-of actions. Fatal to the Plaintiff's claims is that he does not allege a declaratory decree was violated, nor does he allege declaratory relief was unavailable. *See Reardon v. Danley*, 74 F.4th 825, 827 (7th Cir. 2023) (finding the plaintiff's Section 1983 claim against a state court judge failed where the complaint did not allege that either exception applied and only cursorily argued that declaratory relief was unavailable to him). Thus, the Plaintiff is barred from pursuing injunctive relief against Judge Wilson in this case.

Even if the Court were to assume that declaratory relief is unavailable and injunctive relief is not barred by Section 1983, the Court finds it must nevertheless abstain from exercising jurisdiction over the Plaintiff's instant federal lawsuit. In *J.B. v. Woodward*, the case began as a divorce and child custody dispute in state court and led to the plaintiff's invocation of 42 U.S.C. § 1983 in a federal complaint which, as the Seventh Circuit put it, "recount[ed] a series of cascading events beginning with [a DCFS investigator's] investigation and culminating in domestic relations proceedings and eventually state court orders preventing parenting time

with [the plaintiff's] kids." 997 F.3d 714, 721 (7th Cir. 2021). The Seventh Circuit noted the timing of the plaintiff's federal complaint – while state court proceedings were ongoing –, observed the facts underpinning the plaintiff's loss of parenting time in state court were the same alleged facts he relied upon to support his due process claims, and observed the plaintiff invoked the fundamental right to familial association "as a constitutional hook to bring federal claims under § 1983, thereby seeking federal court intervention to resolve essentially the same dispute that remains pending on the state court's docket." *Id.* Left "with the clear and unmistakable impression" that the plaintiff sought a favorable federal court judgment he could use to influence ongoing state court decision making, the Seventh Circuit reasoned such a judgment ran "contrary to the equity, comity, and federalism principles underlying our abstention doctrines, and the district court was correct to abstain from exercising jurisdiction over [the plaintiff's] due process claims." *Id.*

The injunctive relief the Plaintiff seeks in the instant case likewise runs contrary to those principles underlying the abstention doctrines. Just as in *Woodward*, the Plaintiff here came to federal court to go on the offensive. *Id.* His Illinois state court case remains ongoing; while the case record indicates the case's status as "closed," a hearing before Judge Wilson was held as recently as June 9, 2026. *Riley v. Bradford*, No. 16-F-00856 (Ill. Cir. Ct. Peoria County 12/06/2016); *see Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) ("Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned."). It is clear from the allegations in his Complaint that the Plaintiff simply believes he was entitled to favorable/different rulings from Defendant Judge Wilson, did not get those favorable rulings, and has invoked his due process rights and right to access the courts as a constitutional hook. From the face of those allegations, the alleged

constitutional violations all stem from what has transpired in the Illinois state court domestic relations case. The Court will thus abstain from exercising jurisdiction over the Plaintiff's Complaint.

The Court will not grant the Plaintiff an opportunity to amend his Complaint; any amendment would be futile in light of the Court's finding that the sole defendant, Judge Wilson, is absolutely immune from suit and the Court must otherwise abstain from exercising its subject matter jurisdiction. *See Florance v. Barnett*, No. 23-1453, 2023 WL 7017085, at *3 (7th Cir. Oct. 25, 2023) ("The problems we have described are matters of law and cannot be remedied with new or augmented factual allegations."). In other words, it is certain from the face of the Complaint that any amendment would be otherwise unwarranted. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004).

### III

For the reasons set forth above, Plaintiff Walter Bradford's Complaint for Declaratory, Injunctive, and Other Relief (D. 1) is DISMISSED WITH PREJUDICE. The Clerk is directed to enter judgment and close this case.

*It is so ordered.*

Entered on June 15, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE